# United States Court of Appeals for the Fifth Circuit

———————

No. 24-50496
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

April 9, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Javier Enrique Barraza-Miranda,

*Defendant—Appellant*.

———————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CR-1946-5

———————

Before Davis, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Javier Enrique Barraza-Miranda appeals his conviction for possession of 100 kilograms or more of marijuana with intent to distribute. He contends that the district court erred by denying his motion to dismiss the indictment under the Speedy Trial Clause of the Sixth Amendment following an almost seven-year delay between his indictment and arrest.

———————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50496

The Sixth Amendment determination requires consideration of four factors: (1) the extent of the delay; (2) "whether the government or the criminal defendant is more to blame for that delay"; (3) whether the defendant was diligent in asserting the right to a speedy trial; and (4) any prejudice resulting from the delay. *Doggett v. United States*, 505 U.S. 647, 651 (1992) (describing the factors announced in *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).  We review the district court's factual findings for clear error and its application of the *Barker* factors de novo.  *United States v. Molina-Solorio*, 577 F.3d 300, 303-04 (5th Cir. 2009).

Here, the Government concedes that the first and third factors weigh in Barraza-Miranda's favor.  At issue is who is more to blame for the delay.  The record here reflects that Barraza-Miranda remained beyond the Government's jurisdiction in Mexico throughout the nearly seven-year delay between his indictment and arrest.  The Government, among other things, (1) monitored his wife for clues to Barraza-Miranda's location, (2) followed leads in Mexico regarding his whereabouts, (3) entered and annually renewed his information into the National Crime Information Center, and (4) conducted financial queries into money orders he received or sent.  The Government did not "act[] in bad faith, intentionally holding up prosecution for the purpose of prejudicing the defendant."  *United States v. Hernandez*, 457 F.3d 416, 421 (5th Cir. 2006).  Instead, the Government diligently pursued Barraza-Miranda, and, consequently, this factor cuts against him.  *See Molina-Solorio*, 577 F.3d at 305.

Under the fourth *Barker* factor, Barraza-Miranda is not entitled to a presumption of prejudice because all of the first three factors do not weigh in his favor.  *See United States v. Harris*, 566 F.3d 422, 432 (5th Cir. 2009).  He "must therefore demonstrate 'actual prejudice' that outweighs the other factors."  *Id.*  Here, the record does not reflect that Barraza-Miranda

2

No. 24-50496

underwent oppressive pretrial incarceration, suffered anxiety or concern, or that his defense was impaired. *See id.*

AFFIRMED.